IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RA SAO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:26-CV-261-E-BW |
| | § | |
| ALEJANDRO MAYORKAS, et al., | § | |
| Respondents. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is the *Emergency Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order and Stay of Removal*, filed on February 2, 2026. (Doc. 3.) Based on the relevant filings and applicable law, the habeas petition is **SUMMARILY DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

Petitioner Ra Sao, a citizen and national of Cambodia who is subject to a final order of removal from the United States, filed this habeas action pursuant to 28 U.S.C. § 2241 in connection with an anticipated future detention by United States Immigration and Customs Enforcement ("ICE") and removal from the United States. (*See id.* at 1-4.) Sao states that, at a scheduled appointment with ICE on January 31, 2026 in Dallas, Texas, ICE gave him a notice informing him of its intent to re-detain him no earlier than 14 days from the date of the notice in order to execute his final order of removal and remove him to Cambodia. (*See id.* at 3, 7, 28.) The same day, he was scheduled to return for a future ICE appointment in Dallas on February 17, 2026. (*See id.* at 3, 9, 28.) ICE also provided a notice for Sao to appear before an immigration judge in San Antonio, Texas on February 18, 2026. (*See id.* at 3, 11-14, 28.) Based on these notices, Sao "fears that ICE intends to detain him in Dallas on February 17 and transfer

him immediately to San Antonio to limit access to federal courts and counsel." (*Id.* at 3.) Sao also has a pending state habeas application challenging the validity of a discharged state felony conviction. (*See id.* at 2, 25, 28.)

In his § 2241 petition, Sao asserts three grounds for relief, each of which relates to his pursuit of state and federal post-conviction habeas relief on his discharged state felony conviction: (1) "Denial of Access to Courts/Interference with Pending Habeas"; (2) "Substantive Due Process/Excessive Delay"; and (3) "Challenge to Underlying Conviction." (*Id.* at 3.)

## II.  SUMMARY DISMISSAL

Under Rule 4 of the of the Rules Governing Section 2254 Cases in the United States District Courts, which also covers § 2241 habeas petitions, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After considering the substance of Sao's grounds for relief to determine whether the claims are properly brought pursuant to § 2241, the Court concludes that they are not.

A petitioner is entitled to a writ of habeas corpus under § 2241 only to remedy his restraint of liberty in violation of the Constitution, treaties, or laws of the United States. *See Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010); *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976) (holding that the "sole function" of habeas "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose."). Habeas proceedings are properly used to challenge the fact or duration of confinement, whereas constitutional challenges to "rules, customs, and procedures affecting conditions of confinement" are properly raised in a civil rights action. *Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007). Where an alleged unconstitutional condition of confinement or procedure may affect

2

the timing of a petitioner's release from confinement, the Fifth Circuit has developed a "simple, bright-line rule" for determining the proper vehicle for the claim: "If a favorable determination . . . would not automatically entitle [the petitioner] to accelerated release, . . . the proper vehicle is a [civil rights] suit." *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)).

Here, even liberally construing Sao's grounds for relief, his allegations do not present a cognizable basis for relief under § 2241. In his petition, Sao's asserted grounds for relief are premised on anticipated constitutional violations relating to his ability to pursue and obtain state and federal collateral review of a discharged state felony conviction should ICE detain, transfer, and ultimately remove him from the United States in the near future. (*See* Doc. 3 at 1-4.) Assuming *arguendo* that his claims are ripe in the first instance, they do not challenge the fact or duration of any current confinement, and a favorable determination on them would not automatically entitle him to immediate or accelerated release from custody.[1] *See, e.g.*, *Awwad v. Willis*, No. EP-17-CV-213-DCG, 2017 WL 3433544, at *6 (W.D. Tex. Aug. 8, 2017) ("[A]n access-to-the-courts claim does not challenge the fact or duration of a prisoner's confinement." (citing cases)); *Lineberry v. United States*, 380 F. App'x 452, 453 (5th Cir. 2010) (holding that the proper remedy for a due process violation based on a condition of confinement or procedure is "the discontinuance of a practice or to require the correction of an unconstitutional condition," not accelerated release). Accordingly, because Sao does not assert any grounds for relief that are cognizable in a habeas action, the Court summarily dismisses his § 2241 petition.

---

[1] To the extent it appears Sao is attempting to challenge his final order of removal by alleging that it "is based on a conviction challenged in pending state habeas proceedings, raising serious **constitutional concerns**[,]" he cannot do so in this Court through a § 2241 petition. (Doc. 3 at 3 (emphasis in original)); *see Gul v. Rozos*, 163 F. App'x 317, 318-19 (5th Cir. 2006) ("[T]he Real ID Act [] stripped the district courts of jurisdiction over 28 U.S.C. § 2241 petitions attacking removal orders.").

### III.  CONCLUSION

For the aforementioned reasons, the *Emergency Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order and Stay of Removal*, filed on February 2, 2026 (Doc. 3), is summarily **DISMISSED WITHOUT PREJUDICE**.  *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

In light of this dismissal, the Court also **DENIES AS MOOT** Sao's request to proceed *in forma pauperis* (Doc. 4).

**SO ORDERED** this 5th day of February, 2026.

ADA BROWN
UNITED STATES DISTRICT JUDGE